Louis Pechman
Vivianna Morales
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JOSE ZAVALA,

                                Plaintiff,

          -against-                                **COMPLAINT**

JT RESTAURANT CORP. d/b/a ANGELINA'S
PIZZERIA & RESTAURANT, GIUSEPPE
MAGNOTTA, and VINNIE DOE,

                                Defendants.
---------------------------------------------------------------------X

Plaintiff Jose Zavala ("Plaintiff" or "Zavala"), by his attorneys Pechman Law Group PLLC, complaining of Defendants JT Restaurant Corp. d/b/a Angelina's Pizzeria & Restaurant ("Angelina's"), Giuseppe Magnotta, and Vinnie Doe (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. Zavala worked as a busboy at Angelina's, an Italian restaurant in Lynbrook, New York, for over nine years. During the course of Zavala's employment, Defendants failed to pay Zavala minimum and overtime wages for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"), and failed to pay him spread-of-hours pay and furnish him with proper notice of the tip credit, as well as annual wage notices and accurate weekly wage statements.

2.      Zavala brings this action pursuant to the FLSA, NYLL, and the New York State Wage Theft Prevention Act ("WTPA") seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum wage and overtime wages, spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, because all events relevant to this action occurred at Angelina's, which is located and operated by Defendants in the Eastern District of New York.

## THE PARTIES

**Plaintiff Jose Zavala**

5.      Zavala resides in Nassau County, New York.

6.      Zavala was employed at Angelina's as a busboy from approximately August 2008 to August 28, 2017.

7.      Zavala is an "employee" within the meaning of the FLSA.

**Defendant JT Restaurant Corp.**

8.      JT Restaurant Corp. is a New York corporation that owns, operates, and does business as Angelina's Pizzeria & Restaurant, an Italian restaurant located at 33 Atlantic Avenue, Lynbrook, NY 11563.

9.      In the three years preceding the date this Complaint was filed, Angelina's had an annual gross volume of sales in excess of $500,000.

**Defendant Giuseppe Magnotta**

10. Giuseppe Magnotta ("Magnotta") is an owner and manager of Angelina's.

11. Magnotta is identified by the New York State Liquor License Authority as a "Principal" for the premises doing business as "ANGELINA'S PIZZERIA" located at 33 Atlantic Avenue in Lynbrook, NY 11563.

12. Throughout Plaintiff's employment at Angelina's, Magnotta was actively involved in managing the restaurant's day-to-day operations.

13. Magnotta had authority over personnel decisions at Angelina's.

14. Magnotta had the authority to hire and fire Angelina's employees, set their wages, and set weekly work schedules, direct their work duties, and otherwise control the terms and conditions of their employment.

15. Magnotta interviewed and hired Plaintiff.

16. Magnotta exercised sufficient control over Angelina's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and NYLL

**Defendant Vinnie Doe**

17. Vinnie Doe ("Doe") is an owner and/or manager of Angelina's.

18. Doe was primarily responsible for managing the restaurant and had authority over personnel decisions at Angelina's.

19. Doe had the power to hire and fire Angelina's employees, set their wages, set weekly work schedules, direct their work duties, and otherwise control the terms and conditions of their employment.

20. Throughout Plaintiff's employment at Angelina's, Doe was actively involved in managing the restaurant's day-to-day operations.

21. Doe was present at the restaurant on a daily basis.

22. At all relevant times, Doe had the power over payroll decisions at Angelina's, including the power to retain time and/or wage records. For example, Doe distributed wages to the employees of Angelina's, including Plaintiff, every Thursday or Friday.

23. Doe determined Plaintiff's weekly work schedule.

24. Doe exercised sufficient control over Angelina's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

25. Angelina's is open to the public Monday through Sunday, 11:00 a.m. to 10:00 p.m.

26. Throughout the course of Plaintiff's employment at Angelina's, he generally worked approximately five days per week, Tuesday and Thursday from approximately 10:00 a.m. to 10:00 p.m.; Friday from approximately 4:00 p.m. to 11:00 p.m.; Saturday from approximately 10:00 a.m. to 11:00 p.m.; and Sunday from approximately 11:00 a.m. to 10:00 p.m., for approximately fifty-five hours per work week.

27. Approximately one to two times per month, Zavala was required to work an additional one to six hours per week at private parties held at the restaurant.

28. Zavala regularly took a one-hour break each workday.

29. From in or about 2008 through in or about 2013, Defendants paid Zavala at a rate of $4 per hour, in cash, for all hours worked.

30. From 2014 through the remainder of his employment with Angelina's, Defendants paid Zavala at a "tipped" rate of $7.50 per hour, for all hours worked.

4

31. Defendants did not provide Zavala with notice of the tip credit provisions of the FLSA and NYLL.

32. Throughout his employment, Defendants paid Zavala his weekly wages in cash, without a corresponding wage statement.

33. Throughout his employment, Defendants failed to pay Zavala the statutory minimum wage for all hours worked per workweek.

34. Throughout his employment, Defendants failed to pay Zavala at the rate of one and one-half times his hourly wage rate for hours worked in excess of forty per workweek.

35. Throughout his employment, Defendants failed to pay Zavala one additional hour of pay at the statutory minimum hourly rate for each day that his workday exceeded ten hours.

36. Throughout his employment, Defendants did not provide Zavala statements with each wage payment that, *inter alia*, accurately reflected his rate of pay and number of hours worked.

37. Throughout his employment, Defendants did not furnish Zavala with wage notices at the time of hiring or following a change of his rate of pay.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wage)

38. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

39. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff.

40. The FLSA requires that employers pay employees at least the minimum wage for each hour worked.

5

41. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants were required to, but failed to, inform Plaintiff of the tip credit provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m);

42. The minimum wage provisions set forth in the FLSA, 29 U.S.C. § 206, *et seq.*, and the supporting federal regulations, apply to Defendants.

43. Defendants failed to pay Plaintiff the minimum wage to which he was entitled under the FLSA.

44. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

45. As a result of Defendants' willful violations of the FLSA's minimum wage provisions, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM
### (NYLL – Unpaid Minimum Wage)

46. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

47. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") regulations, and employed Plaintiff.

48. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for all hours worked weekly up to forty (40).

49. Defendants were not eligible to avail themselves of the tipped minimum wage rate under the NYLL because Defendants were required to, but failed to, inform Plaintiff of the tip credit provisions of the NYLL and the New York State regulations in writing;

50. The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL regulations apply to Defendants.

51. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

52. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff at the minimum hourly wage.

53. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, and post-judgment interest.

## THIRD CLAIM
### (FLSA – Unpaid Overtime Wages)

54. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

55. Defendants were required to pay Plaintiff one and one-half (1½) times the regular rate at which Plaintiff was employed, which shall not be less than the minimum wage, for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

56. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

7

57. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

58. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

59. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

60. Under the NYLL and supporting NYDOL Regulations, Defendants were required to pay Plaintiff one and one (1½) half times the regular rate of pay, which shall not be less than the minimum wage, for all hours he worked in excess of forty (40).

61. Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

62. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

63. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## FIFTH CLAIM
### (NYLL – Spread-of-Hours Pay)

64. Plaintiff repeats and re-alleges all foregoing paragraphs as if set forth herein.

8

65. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spread over more than ten hours.

66. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the Section 650 *et seq.*, of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R. § 146-1.6.

67. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices)

68. Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

69. The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

70. In violation of NYLL § 195(1), Defendants failed to furnish to Plaintiff at the time of hiring, or when his rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone

number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

71.     Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## SEVENTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

72.     Plaintiff repeats and re-alleges all foregoing paragraphs as if fully set forth herein.

73.     The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

74.     Defendants failed to furnish Plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

75.     Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

      a.      declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

      b.      declaring that Defendants violated the notice and wage statement provisions of the NYLL and WTPA;

      c.      declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

      d.      declaring that Defendants' violations of the FLSA and NYLL were willful;

      e.      awarding Plaintiff unpaid minimum and overtime wages;

      f.      awarding Plaintiff unpaid spread-of-hours pay;

      g.      awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due;

      h.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL;

      i.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

      j.      awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

[THIS SPACE IS INTENTIONALLY LEFT BLANK]

      k.    awarding such other and further relief as the Court deems just and proper.

Dated:  New York, New York
            March 12, 2018

                                        PECHMAN LAW GROUP PLLC

                                  By:  _____
                                          Louis Pechman
                                          Vivianna Morales
                                          488 Madison Avenue, 17th Floor
                                          New York, New York 10022
                                          Tel.: (212) 583-9500
                                          pechman@pechmanlaw.com
                                          morales@pechmanlaw.com
                                          *Attorneys for Plaintiff*