# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this ___ day of April, 2019, by and between the Defendants JT RESTAURANT CORP. d/b/a Angelina's Pizzeria & Restaurant, AND VINCENT SORRENTINO ("DEFENDANTS"), and Plaintiff JOSE ZAVALA ("CLAIMANT," or "RELEASOR") (hereinafter the "Settling Parties").

## RECITALS

A. WHEREAS, CLAIMANT alleged, among other things, that DEFENDANTS and Giuseppe Magnotta failed to pay him minimum wage and overtime wages due in connection with services that he performed on DEFENDANTS' behalf; and

B. WHEREAS, on March 12, 2018, CLAIMANT initiated a lawsuit against the DEFENDANTS and Giuseppe Magnotta in Federal Court for the Eastern District of New York, such case being styled *Zavala v. JT Restaurant Corp., et al., Case No.* 18-CV-01530 *(ADS)(ARL)* (the "Lawsuit"); and

C. WHEREAS, on November 7, 2018, the Settling Parties participated in a mediation with Mediator Patrick McKenna; and

D. WHEREAS, no Court has considered or determined the claims presented; and

E. WHEREAS, DEFENDANTS deny CLAIMANT'S allegations in their entirety and admit no wrongdoing nor any liability with respect to CLAIMANT'S allegations; and

F. WHEREAS, CLAIMANT and the DEFENDANTS wish to compromise and settle all of their respective claims against the other relating to the Lawsuit;

NOW THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1. **Consideration.** The Settling Parties are entering into this Settlement Agreement and Release in exchange for good and valuable consideration. CLAIMANT agrees that he will not seek any further consideration from DEFENDANTS, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement. In addition, CLAIMANT agrees that the amount being paid to him represents all alleged unpaid regular and overtime wages and other alleged damages from the commencement of his employment with the DEFENDANTS to the present, interest, civil monetary penalties, liquidated damages, and attorneys' fees. CLAIMANT agrees that, with the payments stated below, CLAIMANT will have been paid in full for all hours worked for DEFENDANTS for the period encompassing the entire period of his employment with the DEFENDANTS, including, but not limited to, any and all claims for wages, supplements, statutory penalties and overtime pay.

2. **Settlement Compensation**. In consideration of the release and other obligations entered into by the Settling Parties pursuant to this Agreement, the RELEASEES agrees to issue the following payments, totaling SIXTY THOUSAND DOLLARS ($60,000.00), to the CLAIMANT:

   a. To Jose Zavala, the gross amount of $39,412.13; and

   b. To Pechman Law Group PLLC the gross amount of $20,587.87 for litigation expenses, costs, and attorneys' fees, subject to the issuance of a 1099 form.

CLAIMANT expressly directs DEFENDANTS to mail the Settlement Payments, as detailed above, to his legal counsel, Pechman Law Group PLLC, acknowledges that receipt of the Settlement Payments by his counsel constitutes receipt thereof by CLAIMANT, and agrees that the Settlement Payments constitute an accord and satisfaction.

CLAIMANT further agrees that, with the payments stated above, CLAIMANT will have been paid in full for all hours worked for DEFENDANTS for the period encompassing the entire period of his employment with the DEFENDANTS, including, but not limited to, any and all claims for wages, supplements, statutory penalties and overtime pay. CLAIMANT will be materially breaching this Agreement if CLAIMANT claims in the future that he has not been paid the minimum wage, spread of hours pay, and/or overtime pay or any other monies, including statutory penalties and interest, for any work for RELEASEES for the period encompassing his entire employment with the DEFENDANTS.

3. **Delivery**. All checks shall be sent to:

   PECHMAN LAW GROUP PLLC
   488 Madison Avenue – 17th Floor
   New York, New York 10022

4. **Timing**.

DEFENDANTS shall pay the Plaintiff the total sum of SIXTY THOUSAND DOLLARS ($60,000.00), as follows:

   A. On or before April 15, 2019 or within five (5) days of: (a) the Court's approval of the Settling Parties' Settlement Agreement and dismisses this matter with prejudice, and (b) the receipt, by DEFENDANTS' legal counsel, of a fully completed and executed W9 form from the CLAIMANT and a fully completed and executed W9 form from Pechman Law Group PLLC, whichever is later, DEFENDANTS shall make the following payment totaling TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as follows:

   1. To "Jose Zavala" the amount of $16,421.72 reflected on a 1099 Form; and

   2. To "Pechman Law Group PLLC" the amount of $8,578.28 representing attorneys' fees and disbursements, reflected on a 1099 Form.

2

CLAIMANT avers that he has or will apply for his ITIN number. Thus, upon filing his application, CLAIMANT shall write "Applied For" instead of a social security number or Tax Identification Number on his W-9 form, and shall provide the DEFENDANTS with a completed W-9 with his ITIN on or before December 31, 2019.

> B. Commencing on or before May 15, 2019, or within five (5) days of (a) the Court's approval of the Settling Parties' Settlement Agreement and dismisses this matter with prejudice, and (b) the receipt, by DEFENDANTS' legal counsel, of fully completed and executed W9 form from the CLAIMANT (with "Applied For" instead of a social security number or Tax Identification Number on said form, as set forth above) and a fully completed and executed W9 form from Pechman Law Group PLLC, whichever is later, DEFENDANTS shall make ten more monthly payments to the CLAIMANT, in thirty (30) day intervals, each payment totaling THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00), for a total of ten payments totaling THIRTY-FIVE THOUSAND DOLLARS ($35,000.00). These payments shall be made as follows:

>> 1. To "Jose Zavala", the amount of $2,299.04 reflected on a 1099 Form; and

>> 2. To "Pechman Law Group PLLC" the amount of $1,200.96 representing attorneys' fees and disbursements, reflected on a 1099 Form.

DEFENDANTS will issue an IRS Form 1099 to CLAIMANT, and IRS Form 1099 to Pechman Law Group PLLC reflecting the payments specified in the payment schedule after the end of the calendar year in which the payment is paid.

In the event that RELEASEES fail to adhere to the payment schedule required in paragraph "4" of this "SETTLEMENT AGREEMENT AND RELEASE", CLAIMANT will be entitled to enter a judgment against Defendants Vincent Sorrentino and JT Restaurant Corp. in the amount of SIXTY THOUSAND DOLLARS ($60,000.00), minus any and all payments made to date pursuant to this Paragraph "4" by the DEFENDANTS.

Vincent Sorrentino, and Giuseppe Magnotta on behalf of JT Restaurant Corp., shall each execute an Affidavit of Confession of Judgment in the forms annexed hereto as Schedule "B," and agree to deliver an executed original Confession of Judgment to CLAIMANT'S counsel contemporaneously with the execution of this Agreement. These Affidavits of Confession of Judgment shall be held in escrow by CLAIMANT's legal counsel, Louis Pechman, Esq., and the original and any photocopies/duplicates of same shall be returned to DEFENDANTS' legal counsel upon the completion of the payments by the DEFENDANTS as set forth above.

Prior to entering any Judgment by Confession, CLAIMANT shall give written notice of such default to the DEFENDANTS, and DEFENDANTS shall have ten (10) calendar days from written notice to cure any such default. Notice of any such default shall be given to both the DEFENDANTS and DEFENDANTS' legal counsel to the attention and at the physical addresses and e-mail addresses set forth in paragraph "23" herein, and via the procedure set forth in that paragraph "23".

5. **Other Payments.** Except as provided in this Agreement, no other payments are owed to the CLAIMANT.

**6.** **Taxes**. The CLAIMANT agrees to pay all federal, state and/or local taxes, if any, which are required by law to be paid by him with respect to this settlement in a timely fashion. The CLAIMANT further agrees that in the event DEFENDANTS becomes liable for payment of any taxes, or fines related to unpaid taxes, by any government entity for any amounts CLAIMANT failed to pay for amounts received by him pursuant to this Agreement, CLAIMANT will indemnify RELEASEES for any such taxes or fines, as well as reasonable attorneys' fees and costs incurred by the DEFENDANTS in contesting these taxes or collecting indemnification from CLAIMAINT.

6. **Release Of All Fair Labor Standards Act And New York Labor Law Related Claims.**

For purposes of this Agreement, the term "RELEASEES" shall mean JT Restaurant Corp., its shareholders, officers, directors, and employees, Giuseppe Magnotta and Vincent Sorrentino.

RELEASOR understands and agrees that the Settlement Compensation is in full satisfaction of any and all obligations RELEASEES may have with respect to RELEASOR'S claims for alleged unpaid wages (including but not limited to minimum and/or overtime wages), alleged unlawful wage deductions, "spread-of-hours" pay, liquidated damages, statutory penalties, interest and attorneys' fees under the wage and hour provisions of the New York State Labor Law, the Fair Labor Standards Act, and any other applicable wage hour and wage payment laws, rules or regulations for anything that has occurred up to the date RELEASOR executes this Settlement Agreement. RELEASOR affirms that, other than the claims alleged herein, he has reported all hours he worked while employed by DEFENDANTS, and that he has been paid and/or has received all compensation, wages, bonuses, commissions, severance, sick leave, vacation, personal or other paid time off, and/or any other benefits to which he may have been entitled as a result of his employment with the RELEASEES.

7. **Dismissal**

    a. Upon full execution of this Agreement, or within five (5) business days thereof, the Settling Parties agree that the DEFENDANTS' legal counsel will cause to be filed with the Court a Motion to Approve this Settlement Agreement.

    b. Should the Court not approve the settlement, the Settling Parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on the date this Agreement was submitted to the Court for approval.

    c. CLAIMANT agrees to the dismissal of the Lawsuit with prejudice, subject only to DEFENDANTS' satisfaction of all their obligations under this Agreement, for which the United States District Court, Eastern District of New York shall retain jurisdiction.

8. **No Charges Exist and No Charges Will Be Filed For Released Claims.**

CLAIMANT represents that, other than the matter of *Zavala v. JT Restaurant Corp., et al.*, Case No. 18-CV-01530 *(ADS)(ARL)*, currently pending in the Federal District Court for the Eastern District of New York, he does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against RELEASEES. CLAIMANT agrees that any claim that is brought for claims released by this Agreement, will be automatically dismissed, and RELEASEES will be entitled to reasonable costs and reasonable attorneys' fees incurred in defending against any such claims/charges.

9. **Remedy for Breach.** The parties agree that the United States District Court, Eastern District of New York shall retain jurisdiction in the event of any alleged breach of the Agreement. In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs.

10. **Subpoena.** Upon receipt of any subpoena, court order or other legal process compelling the disclosure of any information or documents relating to the DEFENDANTS, the CLAIMANT shall give the DEFENDANTS ten (10) days' written notice prior to responding, so as to permit the RELEASEES to protect their interests to the fullest extent possible.

11. **Advice of counsel.** All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. CLAIMANT hereby represents that he has consulted his attorney(s) about this Agreement before signing it.

12. **Governing Law and Interpretation.** The Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision.

13. **Exclusive Jurisdiction.** Any claim, dispute or disagreement arising under or in any way relating to this Agreement shall be submitted to a New York State Court of competent jurisdiction located in Nassau County, New York or the United States District Court, Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute or disagreement, and the parties' consent to the personal jurisdiction of those courts.

14. **Non-Admission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of any consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct.

15. **Absence of Reliance.** The parties acknowledge that in agreeing to this Agreement, they have not relied in any way upon representations or statement of the other party other than those representations or statements set forth in this Agreement.

16. **Entire Agreement.** This Agreement, including any and all Exhibits, set forth the entire agreement between the parties, and supersedes any prior contracts, agreements, or understandings between the parties.

17. **Amendment.** This Agreement may not be modified, altered, or changed except upon express, written consent of all parties, which includes specific reference to this Agreement.

18. **Severability.** In the event any provision contained in this Agreement shall be determined to be invalid, illegal or otherwise unenforceable, all remaining provisions in this Agreement shall remain in full force and effect. Should the release language be null and void, the parties will execute a new or supplemental agreement which will correct this failing, without receiving any additional consideration because this Agreement was provided with the expectation that it would be fully enforceable.

19. **Section Headings.** The sections headings are solely for convenience of reference and shall not in any way affect the interpretation of this Agreement.

20. **Counterparts/Electronic/Electronic Signature.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if CLAIMANT and DEFENDANTS have signed the same instrument. Any Party may execute this Agreement by physically signing on the designated signature block below and transmitting that signature page *via* facsimile and/or email to counsel for the other Party. Any signature made and transmitted by facsimile and/or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile.

21. **Claimant's Representations**. El Demandante representa que su idioma materno es el español y que sus abogados de Pechman Law Group PLLC han repasado todos los términos de este Acuerdo con él en español. El Demandante ha entendido todos los términos de este Acuerdo, y los acepta voluntariamente al firmar el Acuerdo. (Plaintiff represents that his primary language is Spanish and that his counsel, Pechman Law Group PLLC has reviewed all terms of this Agreement with him in Spanish. Plaintiff has fully understood all terms of this Agreement and voluntarily accepts them by signing below.)

22. **Notices.** Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and sent by both regular mail addressed to such other Party at the address(es) set forth below, and via e-mail to the DEFENDANTS' legal counsel. Notice shall be deemed communicated from the date of mailing. The addresses for notice are as follows, unless otherwise specified:

| PARTY | ADDRESS | COPY TO: |
|-------|---------|----------|
|       |         |          |

| Defendants | David S. Feather, Esq.<br>FEATHER LAW FIRM, P.C.<br>666 Old Country Road, Suite 605<br>Garden City, NY 11530<br>e-mail: DFeather@FeatherLawFirm.com | Vincent Sorrentino<br>c/o JT Restaurant Corp. d/b/a<br>Angelina's Pizzeria<br>33 Atlantic Avenue<br>Lynbrook, New York 11563<br><br>Giuseppe Magnotta<br>c/o JT Restaurant Corp. d/b/a<br>Angelina's Pizzeria<br>33 Atlantic Avenue<br>Lynbrook, New York 11563 |
|---|---|---|
| Claimant | Louis Pechman, Esq.<br>PECHMAN LAW GROUP PLLC<br>488 Madison Avenue – 17th Floor<br>New York, New York 10022<br>pechman@pechmanlaw.com | |

**THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.**

**THE CLAIMANT ACKNOWLEDGES THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY CLAIMANT, THAT HE HAS HAD THE OPPORTUNITY TO REVIEW AND CONSIDER THE TERMS AND PROVISION OF THIS AGREEMENT, AND THAT HE HAS CONSULTED WITH HIS LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.**

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

The parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

Claimant:

_Jose Zavala_
Jose Zavala

_4 / 2 2019_
Dated:

Sworn to me this
2 day of April, 2019

VIVIANNA A. MORALES
Notary Public, State of New York
No. 02MO6309947
Qualified in Queens County
Commission Expires August 18, 20__

Notary Public

RELEASEES:

_____
Vincent Sorrentino, Individually

Dated: _____

Sworn to me this
3rd day of April, 2019

_____
Notary Public

KANTILAL T. VADSOLA
Notary Public, State Of New York
No. 01-VA4912079
Qualified in Suffolk County
Commission Expires February 8, 2022

_____
Giuseppe Magnotta
on-behalf of JT Restaurant Corp.

Dated: _____

Sworn to me this
3rd day of April, 2019

_____
Notary Public

KANTILAL T. VADSOLA
Notary Public, State Of New York
No. 01-VA4912079
Qualified in Suffolk County
Commission Expires February 8, 2022

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE ZAVALA,

Plaintiffs,

-against-

JT RESTAURANT CORP. d/b/a ANGELINA'S
PIZZERIA & RESTAURANT, GIUSEPPE
MAGNOTTA, and VINNE DOE,

Defendants.
---------------------------------------------------------------X

Docket No.: 18-CV-01530
(ADS)(ARL)

**STIPULATION OF DISCONTINUANCE WITH PREJUDICE**

**WHEREAS,** on March 12, 2018, Plaintiff filed a Complaint, which asserts claims for, *inter alia*, failure to pay minimum wage, overtime pay, spread-of-hours pay, statutory damages, and other monies under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law against JT Restaurant Corp. d/b/a Angelina's Pizzeria & Restaurant, Giuseppe Magnotta, and Vincent Doe a/k/a Vincent Sorrentino (collectively "Defendants");

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations, including at a mediation with Mediator Patrick McKenna held on November 7, 2018, and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the New York Labor Law, and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, that this action be hereby dismissed against all Defendants and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York
May 10, 2019

_____
David S. Feather, Esq.
Feather Law Firm, P.C.
Attorneys for Defendants
666 Old Country Road
Suite 605
Garden City, New York 11530
dfeather@FeatherLawFirm.com

*Attorneys for Defendants*

_____
Vivianna Morales, Esq.
Pechman Law Group PLLC
Attorneys for Plaintiff
488 Madison Avenue – 17th Floor
New York, New York 10022
morales@pechmanlaw.com

*Attorneys for Plaintiff*

SO ORDERED.

_____
Arthur D. Spatt, U.S. District Judge

# SCHEDULE "B"

## CONFESSION OF JUDGMENT

STATE OF NEW YORK  )
COUNTY OF NASSAU  ) SS.:

**VINCENT SORRENTINO**, being duly sworn, deposes and says:

1. I am a Defendant in the action filed against myself, as "Vincent Doe" by Jose Zavala in the United States District Court of the Eastern District of New York entitled *Zavala v. JT Restaurant Corp., et al., Case No. 18-CV-01530 (ADS)(ARL)* (the "Action"). I am an owner of JT Restaurant Corp. d/b/a Angelina's Pizzeria & Restaurant, and reside at 100 Rosedale Road, North Woodmere, Nassau County, New York.

2. I am duly authorized to make and sign this Affidavit of Confession of Judgment on my own behalf.

   I hereby confess judgment herein and authorize entry thereof against myself for the sum of SIXTY THOUSAND DOLLARS ($60,000.00), less any amounts previously paid pursuant to the Settlement Agreement and Release signed by the parties in the Action on April 30, 2019 (hereinafter the "Settlement Agreement," attached as Exhibit 1), together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924 and the N.Y. CPLR; reasonable attorneys' fees incurred in entering and enforcing the judgment accrued; and pre-judgment interest accrued as of the date of Defendants' failure to cure their breach of the Settlement Agreement at the rate of 9% as provided in N.Y. C.P.L.R. § 5004, and post-judgment interest .

3. I authorize entry of judgment in the County of Nassau, State of New York, the Eastern District of New York, or in any court of competent jurisdiction in the State of New York, or with any County Clerk's Office of competent jurisdiction, as a judgment against myself and Angelina's, jointly and severally, against all property, of any kind, in which I and/or Angelina's, collectively or individually, have any ownership interest.

4. This confession of judgment is for a debt justly due to the Plaintiff Jose Zavala arising from the following facts:

5. By the Settlement Agreement filed in the action entitled *Zavala v. JT Restaurant Corp., et al., Case No. 18-CV-01530 (ADS)(ARL)*, I, along with Defendant JT Restaurant Corp., agreed, jointly and severally, to make certain payments to Jose Zavala. The Settlement Agreement further provided that in the event Defendant JT Restaurant Corp. and I failed to comply with the terms and conditions of said Settlement Agreement, Jose Zavala could enter judgment against me and Defendant JT Restaurant Corp.

in the sum of $60,000.00, less any amounts previously paid pursuant to the Settlement Agreement. To date, the undersigned and Defendant JT Restaurant Corp. have failed to comply with the monetary obligations under the terms and conditions of the Settlement Agreement, and the entry of judgment in the sum of _____ (to be completed by Plaintiff), but no greater than SIXTY THOUSAND DOLLARS ($60,000.00), plus reasonable attorneys' fees incurred in entering and enforcing the judgment accrued; and interest monies owed as of the date of Defendants' failure to cure their breach of the Settlement Agreement at the rate of 9% as provided in N.Y. C.P.L.R. § 5004, and less any amounts previously paid pursuant to the Settlement Agreement.

5. This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability and is not an installment loan within the prohibition of CPLR §3201.

6. Please note that both me and Defendant JT Restaurant Corp. must be given ten (10) calendar days' notice prior to the filing of this Confession of Judgment. This Confession of Judgment should not be accepted by the Clerk of Nassau County, or any other County, unless it is (a) the original thereof, and not a photocopy or duplicate, and (b) accompanied by a duly executed and notarized Affidavit of Service affirming that the undersigned, Defendant JT Restaurant Corp. and our legal counsel, David S. Feather of Feather Law Firm, P.C. were served with notice in accordance with the Settlement Agreement and failed to cure this default within that ten (10) calendar day time period.

_____
Vincent Sorrentino

State of New York, County of Nassau.:

On March 30, 2019 before me, the undersigned, a Notary Public in and for said State, personally appeared Vincent Sorrentino, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

KANTILAL T. VADSOLA
Notary Public, State Of New York
No. 01-VA4912079
Qualified in Suffolk County
Commission Expires February 8, 2022

12

# CONFESSION OF JUDGMENT

STATE OF NEW YORK )
COUNTY OF NASSAU ) SS.:

GIUSEPPE MAGNOTTA, being duly sworn, deposes and says:

1. I am a Defendant in the action filed against myself by Jose Zavala in the United States District Court of the Eastern District of New York entitled *Zavala v. JT Restaurant Corp., et al., Case No.* 18-CV-01530 *(ADS)(ARL)* (the "Action"), and reside at 207 Whitehall Boulevard, Garden City, Nassau County, New York.

2. I am the majority shareholder and an officer of Defendant JT Restaurant Corp., and am authorized to sign this Confession of Judgment on behalf of JT Restaurant Corp, its affiliates, subsidiaries, successors in interest, and assigns (collectively referred to as "Angelina's").

3. Angelina's hereby confesses judgment herein and authorizes entry thereof against it in the sum of SIXTY THOUSAND DOLLARS ($60,000.00), less any amounts previously paid pursuant to the Settlement Agreement and Release signed by the parties in the Action on April 30, 2019 (hereinafter the "Settlement Agreement," attached as Exhibit 1), together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924 and the N.Y. CPLR; reasonable attorneys' fees incurred in entering and enforcing the judgment accrued; and pre-judgment interest accrued as of the date of Defendants' failure to cure their breach of the Settlement Agreement at the rate of 9% as provided in N.Y. C.P.L.R. § 5004, and post-judgment interest.

4. Defendant JT Restaurant Corp. hereby authorizes entry of judgment in the County of Nassau, State of New York, the Eastern District of New York, or in any court of competent jurisdiction in the State of New York, or with any County Clerk's Office of competent jurisdiction, as a judgment against Angelina's against all property, of any kind, in which Angelina's, collectively or individually, has any ownership interest.

5. This confession of judgment is for a debt justly due to the Plaintiff arising from the following facts:

   By the Settlement Agreement filed in the action entitled *Zavala v. JT Restaurant Corp., et al., Case No.* 18-CV-01530 *(ADS)(ARL)*, JT Restaurant Corp., agreed, jointly and severally, to make certain payments to Jose Zavala. The Settlement Agreement further provided that in the event Defendant JT Restaurant Corp. failed to comply with the terms and conditions of said Settlement Agreement, Jose Zavala could enter judgment against Defendant JT Restaurant Corp. in the sum of $60,000.00, less any amounts previously paid pursuant to the Settlement Agreement. To date,

Defendant JT Restaurant Corp. has failed to comply with the monetary obligations under the terms and conditions of the Settlement Agreement, and the entry of judgment in the sum of
_____ (to be completed by Plaintiff), but no greater than SIXTY THOUSAND DOLLARS ($60,000.00), plus reasonable attorneys' fees incurred in entering and enforcing the judgment accrued; and interest monies owed as of the date of Defendants' failure to cure their breach of the Settlement Agreement at the rate of 9% as provided in N.Y. C.P.L.R. § 5004, and less any amounts previously paid pursuant to the Settlement Agreement.

6. This confession of judgment is not for the purpose of securing Plaintiff against a contingent liability, and is not an installment loan within the prohibition of CPLR §3201.

7. Please note that I must be given ten (10) calendar days' notice prior to the filing of this Confession of Judgment. This Confession of Judgment should not be accepted by the Clerk of Nassau County or any other county unless it is (a) the original thereof, and not a photocopy or duplicate, and (b) accompanied by a duly executed and notarized Affidavit of Service affirming that I, and my legal counsel, David S. Feather of Feather Law Firm, P.C. were served with notice in accordance with the Settlement Agreement and failed to cure this default within that ten (10) calendar day time period.

_____
GIUSEPPE MAGNOTTA,
ON BEHALF OF JT
RESTAURANT CORP., ITS AFFILIATES,
SUBSIDIARIES, SUCCESSORS IN
INTEREST, AND ASSIGNS

State of New York, County of Nassau.:

On March 30, 2019 before me, the undersigned, a Notary Public in and for said State, personally appeared Giuseppe Magnotta, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

KANTILAL T. VADSOLA
Notary Public, State Of New York
No. 01-VA4912079
Qualified in Suffolk County
Commission Expires February 8, 2022

14