EXHIBIT A

# FEATHER LAW FIRM, P.C.
666 OLD COUNTRY ROAD
SUITE 605
GARDEN CITY, NEW YORK 11530

Telephone: 516.745.9000
Facsimile: 516.908.3930

DFeather@FeatherLawFirm.com
www.FeatherLawFirm.com

## AGREEMENT TO PROVIDE LEGAL SERVICES

Dated: April 9, 2018

Names and Addresses of parties entering into the agreement:

    Clients:     JT RESTAURANT CORP d/b/a
                      ANGELINA'S PIZZERIA & RESTAURANT
                      GIUSEPPE MAGNOTTA
                      VINCENT SORRENTINO s/h/a VINCENT DOE

    Attorney:    Feather Law Firm, P.C.

1. This agreement is made between the undersigned Clients and Feather Law Firm, P.C. (hereinafter referred to as "The Law Firm").

2. The undersigned Clients hereby retain the Law Firm to represent them and defend them in the matter of <u>Jose Zavala v. JT Restaurant Corp., et al.</u>, Federal Court for the Eastern District of New York, Docket No. 18-CV-1530.

3. In consideration of the services rendered, and to be rendered, by the Law Firm, the undersigned Clients hereby agree to pay the Law Firm the sum of $375.00 per hour for attorneys' time and $125.00 per hour for paralegals' time. The Clients have agreed to deposit a retainer fee in the amount of $5,000.00 with the Law Firm.

4. Whenever the balance of the initial retainer fee reaches an amount less than $1,000.00, the Clients agree to replenish said retainer fee in the amount of $2,500.00.

5. The Clients Giuseppe Magnotta and Vincent Sorrentino agree that if any corporation, limited liability company or other business entity in which he is a shareholder, member, officer or director shall be named in this or any subsequent related legal action, said corporation/limited liability company or other business entity shall be bound by the terms and conditions of this retainer agreement.

6. The amount of the Law Firm's eventual fee will be based upon its regular schedule of established hourly time charges, along with any out-of-pocket

1

disbursements (including but not limited to expert fees, court costs, messenger services, transcripts of proceedings, long distance telephone calls, process service fees, travel and parking fees, deposition and court transcripts, and excess postage) which are incurred on the Clients' behalf.

The Clients further understand that the hourly rates apply to all time expended relative to the Clients' matter, including but not limited to office meetings and conferences, telephone calls and conferences, either placed by or placed to the Clients, or otherwise made or had on the Clients' behalf or related to the Clients' matter, preparation, review and revision of correspondence, pleadings, motions, disclosure demands and responses, affidavits and affirmations, or any other documents, memoranda, or papers relative to the Clients' matter, legal research, court appearances, conferences, file review, preparation time, travel time and any other time expended on behalf of or in connection with the Clients' matter.

7. The Clients agree to pay the Law Firm its legal fees and to reimburse it for any advances made on its behalf that may be due from time to time not later than fifteen (15) calendar days from the date that the Law Firm submits a bill to the Clients for same.

8. The foregoing fee does not include costs and disbursements chargeable to the Clients, which may include, but are not necessarily limited to, travel expenses, photocopying charges, subpoena fees, deposition fees, overnight deliveries, excess postage fees, and all other expenses properly chargeable to the prosecution and/or defense of this claim. The Clients understand that they are responsible for all disbursements and agree to pay same as such payment becomes necessary.

9. It is agreed that the amount of $0 shall be deposited in the escrow account of the Law Firm. Said account shall be used to pay the above-described costs and disbursements. The Clients understand that they may be requested to replenish this account from time to time and agree to do so promptly. The Law Firm agrees to provide a full accounting of the escrow expenditures upon request.

10. Prior to the expenditure of major disbursements, such as, but not limited to, the costs of deposition transcripts, the Law Firm may request, and the Clients agree to provide, monies to be used for said purpose(s), to be placed in the Law Firm's escrow account.

11. The Clients understand that they will not receive interest that may accrue on any money held by the Law Firm in the escrow account. The Law Firm has explained that such interest is not income to the Law Firm either, but is forfeited to the State of New York under the terms of the Interest on Lawyers' Accounts (IOLA) program.

12. (A) The Clients specifically state that the Law Firm has made no promise as to the outcome of the Clients' case, and that no one at the Law Firm has suggested that

2

satisfaction, and Clients wish to enter into this retainer agreement. The Clients should keep a copy of the signed agreement.

19. It is impossible to determine in advance the amount of time that will be needed to complete your case to either be settled or tried by a court or jury. We shall use our best judgment to determine the amount of time and who is to perform the legal services to prosecute your case. We will keep you fully informed of all events that take place in your case by this office.

Dated: April 9, 2018

Very truly yours,

_____
David S. Feather
On behalf of
Feather Law Firm, P.C.

I HAVE READ AND UNDERSTAND THE ABOVE RETAINER, HAVE RECEIVED A COPY AND ACCEPT ALL OF ITS TERMS:

_____
VINCENT SORRENTINO
INDIVIDUALLY AND ON
BEHALF OF JT RESTAURANT
CORP.

DATED: 4/8/18

_____
GIUSEPPE ("JOE") MAGNOTTA

4